*is granted.*

*Judge Walton*

*12/7/12*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PATRICK COLLINS, INC. | ) ) ) | Civil Case No. <u>1:12-cv-00767-RBW</u> |
| Plaintiff | ) ) |  |
| v. | ) ) |  |
| JOHN DOES 1-11, | ) ) |  |
| Defendants | ) ) |  |

## MOTION FOR SANCTIONS

Comes now John Doe #11, appearing *pro se,* who respectfully requests that the Court grant sanctions against the Plaintiff and dismiss Plaintiff's claims against Joe Doe #11 with prejudice, while purging the files of the Court to remove the Amended Complaint and proposed summons as needlessly and improperly embarrassing to John Doe #11.

1. On October 10, 2012, the Court denied John Doe #11's Motion to Dismiss and/or Sever and Quash Subpoena and provided that Plaintiff would serve John Doe #11 on or before November 13, 2012. (Court's October Order).

2. In the Court's October Order the Court also ordered that

"consistent with this Court's prior directive that 'any information disclosed to the plaintiff in response to a Rule 45 subpoena may be used by the plaintiff <u>solely</u> for the purpose of protecting the plaintiff's rights as set forth in the Complaint,' ECF No. 4 at 2 (emphasis added), and in order to avoid undue embarrassment to John Doe #11 given that the copyrighted work appears to be pornographic, the plaintiff and the internet service provider are prohibited from publicly disclosing John Doe #11's personally identifying information absent further Order of the Court. Furthermore, any document containing personal identifying information of John Doe #11 shall be filed with the Court under seal.



RECEIVED DEC -5 2012 Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

3.  On November 13, 2012, Plaintiff requested a further extension of time to serve John Doe #11 (Plaintiff's Second Motion), within which Plaintiff made false claims to the Court as follows: (i) that Plaintiff would file its Amended Complaint and proposed summons by no later than November 16, 2012; (ii) that John Doe #11 is the last defendant remaining in the case; and (iii) that service was made upon John Doe #11 and all counsel of record and interested parties.

4.  On November 26, 2012, Plaintiff filed electronically its Amended Complaint and proposed summons, **not under seal** in wilful violation of the Court's previous orders.

5.  As the Amended Complaint and proposed summons are electronically published on the internet and reveal the name and address of John Doe #11 each of these documents can be discovered by any and all persons employing a common web browser.

6.  Plaintiff's actions in violation of the Court's clear directions have subjected John Doe #11 to embarrassment and public humiliation, defaming John Doe #11 with Plaintiff's otherwise baseless and false allegations.

7.  I further inform the Court that John Doe #11 often performs services to federal agencies which work might be disrupted or denied due to Plaintiff's wilful disregard of the Court's direction that all such documents be filed under seal, thus, preventing persons doing background checks from discovering the offensive documents.

8.  John Doe #11 respectfully directs the Court to the Amended Complaint that names as codefendants John Doe #7 and John Doe #8. The naming of these codefendants is confirmation that the Plaintiff's statement in Plaintiff's Second Motion that John Doe #11 "is the last Defendant remaining in the case" was obviously false. There are two other, unnamed defendants which Plaintiff knew or should have known prior to filing its Second Motion.

9. I further aver that I did not receive service of the Second Motion (which could have been performed since Plaintiff was in possession of my identity at that time), unless the Court deems the electronic filing of same to be sufficient; and that contrary to the Plaintiff's promise to the Court in the Second Motion, Plaintiff did not file its Amended Complaint or proposed summons by November 16, 2012, thereby causing the Court to rely on Plaintiff's false or misleading statement in granting the Second Motion.

10. Given the foregoing which is clearly a portion of the record, John Doe #11 cannot devise any alternative remedy for Plaintiff's flagrant disregard of the Court's Orders and local rules which clearly state "**Sealed documents must not be . . . filed electronically**". *Clerk's Office General Information & Civil Filing Procedures* (Revised: October 21, 2011) at H.1. and that a warning that the document is under seal "be placed on the first page of the pleading in the civil action number." *Id.* at H.2. No such required warning appears on Plaintiff's Amended Complaint or proposed summons, therefore, the Court should find both documents to be fatally defective for all purposes, including without limitation the making of timely service.

11. I further request that the Court note that despite the Court's grant of subpoena for Plaintiff's use in obtaining the names of the various John Does, the Amended Complaint fails to identify John Doe #7 and 8. It follows that had Plaintiff obtained the identity of those two named defendants, it would have identified them (albeit in further violation) as well within the Amended Complaint. Therefore, the Court may only conclude that contrary to the Plaintiff's misleading statements and suggestions, Plaintiff still has not identified all of the defendants.

12.     As with its earlier Motions, John Doe #11 respectfully requests the Court's permission and leave to withhold their identity so as not to create another document that would be embarrassingly published on the internet.

WHEREFORE, John Doe #11 hereby respectfully requests that the Court find that Patrick Collins, Inc. has wilfully violated the Court's Order that the Amended Complaint and summons be filed under seal; that Patrick Collins, Inc.'s documents sans the required warning are defective for all purposes, including service; and that Patrick Collins, Inc. engaged in the submission of false or misleading statements to the Court for which sanctions are appropriate, including the dismissal with prejudice of all claims against John Doe #11 and the removal from the public record the offensive and embarrassing documents. A proposed order is attached for the Court's convenience.

Respectfully submitted,

By: *John Doe 11*
John Doe 11

Dated: December 5, 2012

## CERTIFICATE OF SERVICE

    I, John Doe 11, hereby certify that on this 5th day of December a true and correct copy of the foregoing Motion For Sanctions was sent by first class, postage prepaid, United States mail to the following person:

Jon A. Hoppe, Esquire
Maddox, Hoppe, Hoofnagle & Hafey, LLC
1401 Mercantile Lane #105
Largo, Maryland 20774

_____
John Doe 11

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK COLLINS, INC. ) | |
| ) | Civil Case No. 1:12-cv-00767-RBW |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN DOES 1-11, ) | |
| ) | |
| Defendants ) | |

## ORDER GRANTING JOHN DOE #11'S MOTION FOR SANCTIONS

THIS CAUSE came before the Court upon John Doe #11's Motion For Sanctions for Plaintiff's violation of the Court's order that the Amended Complaint and proposed summons be filed under seal, prohibiting from publicly disclosing John Doe #11's personally identifying information; and for failing to place on the Amended Complaint and proposed summons the required warning that the documents were filed under seal, and the Court being duly advised in the premises, including other issues raised by John Doe #11. does hereby:

ORDER AND ADJUDGE: John Doe #11's Motion for Sanctions is granted. Plaintiff's Amended Complaint and proposed summons are defective for all purposes including service, Plaintiff's claims against John Doe #11 are dismissed with prejudice, and the case file is to be purged of the Amended Complaint and proposed summons which were improperly filed not under seal and identifying John Doe #11.

SO ORDERED this ____ day of _____, 2012.

By:_____
**UNITED STATES DISTRICT JUDGE**